UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Davian L. Haverstick

   v.                                            Civil No. 15-cv-94-JD

New Hampshire State Prison
Warden Richard Gerry et al.[1]


**O R D E R**

Davian L. Haverstick, a New Hampshire State Prison ("NHSP") inmate, seeks damages and injunctive relief under 42 U.S.C. § 1983, claiming that New Hampshire Department of Corrections ("NH DOC") officials and medical/dental providers have been deliberately indifferent to his serious medical needs, and have violated his equal protection rights. The complaint is here for preliminary review. See 28 U.S.C. § 1915A; LR 4.3(d)(1). Haverstick has also requested a preliminary injunction in the narrative of the complaint.

**Preliminary Review Standard**

The court conducts a preliminary review of inmate complaints seeking relief from governmental entities, see 28

---

[1] Plaintiff has named Warden Richard Gerry in the caption of his complaint. Construed liberally, the complaint narrative indicates an intent to name as additional defendants former New Hampshire State Prison ("NHSP") Health Services Director Helen Hanks, New Hampshire Department of Corrections Commissioner William Wrenn, and Christopher Kench.

U.S.C. § 1915A, and complaints filed by plaintiffs proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2), to determine whether the action states a claim. In making that determination, the court construes the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the complaint and inferences reasonably drawn therefrom, taken as true, state a claim upon which relief might be granted. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

### Identification of Claims

The complaint asserts the following claims for damages and injunctive relief against the defendants in their official and individual capacities:

   1.   Former NHSP Health Services Director Helen Hanks, and unspecified NHSP dental providers under her supervision, with deliberate indifference to a serious medical need, have denied Haverstick dentures and/or other medically necessary care relating to Haverstick's lack of teeth and problems eating and digesting food, in violation of Haverstick's Eighth Amendment right to adequate medical/dental care at the NHSP.

   2.   Defendants Helen Hanks, NHSP Warden Richard Gerry, NH DOC Commissioner William Wrenn, and Christopher Kench, with deliberate indifference to a serious medical need:  (a) have denied Haverstick's grievances seeking medically necessary treatment and/or dentures relating to his lack of teeth and digestive problems; and (b) are

responsible for promulgating and enforcing an NHSP policy that denies Haverstick medically necessary dental care in violation of Haverstick's Eighth Amendment right to adequate medical/dental care.

3. Defendants Hanks, Gerry, Wrenn, and Kench have violated Haverstick's Fourteenth Amendment right to equal protection by promulgating and enforcing a policy that denies Haverstick necessary dental care and/or dentures, because his sentence does not exceed five years, his dental problems pre-existed his incarceration, and he has not exhibited a nutritional deficiency, while such care is routinely provided to otherwise similarly-situated inmates whose sentences exceed five years and whose dental problems did not pre-exist their incarceration.

The complaint states one or more cognizable claims for relief. The court, therefore, directs service of the complaint upon defendant Helen Hanks, in her individual capacity, and upon defendants Richard Gerry, William Wrenn, and Christopher Kench, in their individual and official capacities, relating to the claims identified above.

To effect service upon defendants, the clerk's office shall serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service, electronic copies of this Order and the Complaint (doc. no. 1). Within thirty days from receipt of these materials, the AG will submit an Acceptance of Service notice to the court specifying whether each defendant has authorized the AG to receive service on his or her behalf. When the AG files the Acceptance of

Service, service will be deemed made on the last day of the thirty-day period for any defendant with AG representation.  If any defendant does not authorize the AG to receive service or the AG declines to represent any defendant, the AG shall, within thirty days from receipt of the above-listed documents, provide to the court the last known address of those defendants.  In that event, the clerk's office is instructed to complete and issue a summons for each of those defendants, using the last known address provided, and forward the summonses, along with the above-listed documents, to the United States Marshal for the District of New Hampshire, to complete service on those defendants in accordance with this order and Fed. R. Civ. P. 4(c)(3) and 4(e).  Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to defendants or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

The court grants defendants leave to respond to plaintiff's request for a preliminary injunction, set forth in the complaint, on or before May 15, 2015.  Defendants may attach to their response to the request for a preliminary injunction, as appropriate, affidavits concerning plaintiff's medical/dental

condition and course of treatment, relevant parts of NH DOC Policy and Procedure Directives, or other relevant NH DOC rules, and pertinent parts of plaintiff's medical/dental records, relating to the matters asserted in the complaint and the claims identified in this Order.  Additionally, the court directs defendants to serve Haverstick with a copy of all of his NHSP records of medical/dental care relating to the matters alleged in the complaint and the claims identified in this Order, no later than May 15, 2015.

    Plaintiff is granted leave to file a reply to defendants' response to his request for a preliminary injunction, on or before June 15, 2015, attaching, as appropriate, affidavits, medical records, or other documentary exhibits.  Upon receipt of the parties' filings, or the expiration of the time granted for such filings, this court will determine whether further proceedings relating to plaintiff's request for a preliminary injunction are warranted.

### Conclusion

    1.   The complaint and this Order shall be served upon defendants Helen Hanks, Richard Gerry, Christopher Kench, and William Wrenn, in accordance with this Order, and the Clerk's office shall update the docket to name each defendant.

Defendants are instructed to answer or otherwise plead within twenty-one days of service.

    2.   Defendants are directed to serve upon plaintiff a complete copy of his NHSP medical/dental records, relating to the matters asserted in the complaint and the claims identified in this Order, on or before May 15, 2015.

    3.   Defendants are granted leave to file a response to the request for preliminary injunctive relief set forth in the complaint, on or before May 15, 2015.  Plaintiff is granted leave to file a reply to defendants' response by June 15, 2015.

    SO ORDERED.

                                   /s/ Andrea K. Johnstone
                                   Andrea Johnstone
                                   United States Magistrate Judge

March 30, 2015

cc:   Davian L. Haverstick, pro se