**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


**Davian L. Haverstick**

    v.                                                Civil No. 15-cv-094-PB
                                                   Opinion No. 2016 DNH 050
**New Hampshire State Prison**
**Warden Richard Gerry et al.**[1]


**O R D E R**

Plaintiff, Davian L. Haverstick, an inmate in the New
Hampshire State Prison ("NHSP"), brings this action pursuant to
42 U.S.C. § 1983 against current and former NHSP and New
Hampshire Department of Corrections ("DOC") officials, in their
individual and official capacities.  Haverstick alleges that
defendants have violated his Eighth Amendment rights through
their deliberate indifference to his serious medical and dental
needs, and that they have violated his equal protection rights
by refusing to provide him with dentures.  Haverstick seeks
damages and injunctive relief, and has specifically requested
that the court issue a preliminary injunction, requiring the
NHSP Dental Department to provide him with a complete set of
dentures.

---

[1]Construed liberally, the complaint names as defendants
former New Hampshire State Prison ("NHSP") Warden Richard Gerry,
former NHSP Health Services Director Helen Hanks, New Hampshire
Department of Corrections ("DOC") Commissioner William Wrenn,
and DOC Commissioner's Office representative Christopher Kench,
in both their individual and official capacities.

Before the court is defendants' motion for summary judgment (doc. no. 9) on all claims, through which they object to Haverstick's request for a preliminary injunction.  Haverstick objects to defendants' motion for summary judgment.  See Obj. (doc. no. 12); Suppl. Obj. (doc. no. 23).  Also pending is Haverstick's discovery motion (doc. no. 24), which this court took under advisement, see Feb. 19, 2016, Order (doc. no. 25).  Defendants have not objected to that motion.

For reasons stated below, defendants' motion for summary judgment (doc. no. 9) is granted in part and denied in part, and Haverstick's request for a preliminary injunction is denied.  As set forth in the Conclusion of this Order, the parties are directed to respond to the February 19, 2016, Order (doc. no. 25) by March 25, 2016.

## **Background**

Haverstick entered the NHSP in May 2014.  Dransite Decl., May 6, 2015, ¶ 2 (doc. no. 9-2).  All incoming NHSP inmates undergo a dental intake examination.  Id.  Haverstick's dental intake examination, conducted on May 12, 2014, revealed that he entered the prison fully edentulous — meaning that he had no teeth.  Id.; DOC Dental Chart (doc. no 9-3).  Haverstick's dental chart from the May 12 evaluation revealed that, other than having no teeth, his oral hygiene was "good."  DOC Dental Chart (doc. no 9-3).  The dental chart noted that Haverstick's

2

teeth had been missing since 2011, and that he expressed a desire for dentures.  Id.

The DOC written policy concerning dentures and dental care is found in Policy and Procedure Directive ("PPD") 6.28 and 6.11.  PPD 6.28 states that DOC "[d]ental treatment includes the range of services that in the supervising dentist's judgment are necessary for proper mastication and maintaining the inmate's/patient's health status."  PPD 6.28 ¶ IV(A)(5) (doc. no. 9-7).  For dental prosthetics, such as dentures, a medical "practitioner will determine when a prosthetic device is indicated," based on criteria including the level of functional impairment, the benefits and side effects of the proposed prosthesis, and the length of the inmate's sentence that remains.  PPD 6.11 ¶ IV(A)-(B) (doc. no. 9-8).  "Decisions will be made on a case by case basis," and if prosthetics are approved, "[p]ractitioners will approve the least costly prosthetic device that will accomplish restoration of the basic functioning determined to be necessary."  Id. at ¶ IV(C)-(D). However, "[c]osmetic services will not be provided, nor will any device not necessary for accomplishment of ordinary living tasks[,] nor will devices . . . which will only marginally improve abilities."  Id. at ¶ IV(E).

Haverstick was told during his dental intake examination that inmates are not eligible for dentures unless it is

medically necessary.  Dransite Decl., May 6, 2015, ¶ 3 (doc. no. 9-2).  Several months later, on November 5, 2014, Haverstick submitted an inmate request slip "requesting an appointment to be seen by a dentist" in order to receive dentures, as he had no teeth and reported having had issues "eating certain things because of my gums."  Inmate Req. Slip (doc. no. 9-9).  On November 14, 2014, a NHSP dental staff member replied to Haverstick's request, stating that Haverstick had been "told [at his] dental intake that [he] did not qualify for dentures."  Id.

On November 15, 2014, Haverstick filed a grievance claiming that his gums had been bleeding and, without dentures, he was "not able to chew any food properly."  Grievance Form, Nov. 15, 2014 (doc. no. 9-10).  Helen Hanks, who was the DOC Director of Medical and Forensic Services at that time, replied that Haverstick had been referred for "a dietary consultation to assess [Haverstick's] nutritional status to determine if [he] qualif[ied] [for dentures] under the [DOC] policy."  Id.  She also noted that the dietician might offer an altered diet to assist Haverstick with chewing.  Id.

On November 21, 2014, at Dr. Dransite's orders, Haverstick underwent a nutritional assessment by Timothy Popovich, a nutrition consultant for NHSP.  Popovich Decl. ¶ 2 (doc. no. 9-13); Dransite Decl., May 6, 2015, ¶ 3 (doc. no. 9-2).  Popovich's assessment confirmed that Haverstick was edentulous,

4

but he showed no signs of malnutrition.  Popovich Decl. ¶ 3
(doc. no. 9-13).  During the assessment, Haverstick reported
that he had difficulty chewing and had lacked teeth for about
ten years, but was able to eat "OK."  Id. ¶¶ 3, 5; DOC Nutr.
Assess. (doc. no. 9-15).  Haverstick denied problems "with
swallowing, constipation, diarrhea, nausea, vomiting, or
appetite."  Popovich Decl. ¶ 5 (doc. no. 9-13).  Haverstick also
rejected being placed on a "chopped"[2] diet.  Id.  Popovich
concluded that Haverstick was an "obese male in no acute
distress" and displayed no signs of malnutrition.  DOC Nutr.
Assess, (doc. no. 9-15).  As part of the assessment, Popovich
reviewed Haverstick's NHSP food purchases.  Popovich Decl. ¶ 6
(doc. no. 9-13).  Popovich found that Haverstick, prior to the
assessment, had purchased whole or spear pickles and sausages.
Id.; DOC Nutr. Assess. (doc. no. 9-15).  Popovich has explained
that these foods cannot be "cut into pieces before consuming
them" because "inmates have no access to knives."  Popovich
Decl. ¶ 6 (doc. no. 9-13).  Therefore, Popovich concluded, and
reported to Dr. Dransite, Haverstick had "no medical need for
dentures or any other dental prosthesis."  Id. ¶ 7.

_____

[2]At NHSP, a "chopped" diet "consists of all of the same food
an inmate is served as part of a normal inmate diet, but cut
into 1/4-inch sized pieces."  Popovich Decl. ¶ 5 (doc. no. 9-
13).

Based in part on Popovich's assessment and on Dr. Dransite's opinion that Haverstick had no medical need for dentures or dental prosthetics, in December 2014, Dr. Dransite rejected Haverstick's request for dentures.  Dransite Decl., May 6, 2015, ¶ 5 (doc. no. 9-2).  On December 17, 2014, Haverstick submitted another grievance, stating that Popovich's assessment was "no help at all" and "being able to chew my food properly or be[ing] able to digest properly is indeed a medical issue" that can cause medical problems "down the road."  Grievance Form, Dec. 17, 2014 (doc. no. 9-11).  The next day, the DOC Commissioner's office denied Haverstick's grievance stating that the DOC "support[ed] the former Medical Director's decision." Id.

Since November 24, 2014, Haverstick's canteen purchases have included "solid food items" such as cookies and potato chips.  Hagar Decl. ¶ 4 (doc. no. 9-17); Canteen Sale R. (doc. no. 9-18).  Edward Hagar, NHSP canteen supervisor, states that these "food items are hard and dry."  Hagar Decl. ¶ 4 (doc. no. 9-17).

On March 28, 2015, Haverstick commenced this action alleging violations of his Eighth and Fourteenth Amendment rights, and seeking a preliminary injunction requiring the prison to give him dentures.  Compl. (doc. no. 1).  Defendants moved for summary judgment (doc. no. 9).

In Haverstick's initial response (doc. no. 12) to the summary judgment motion, he asserted that the motion for summary judgment was premature, and that he needed additional time for discovery.  Haverstick clarified during the December 7, 2015, preliminary pretrial conference that he needed an opportunity to meet with three inmates he believed could provide statements to support his claims before he could respond fully to the summary judgment motion.  Pursuant to Fed. R. Civ. P. 56(d), this court directed the DOC to provide Haverstick with an opportunity to meet with those inmates, if the inmates were willing.  See Feb. 3, 2016, Order (doc. no. 22).  Pursuant to that Order, Haverstick filed a supplemental objection (doc. no. 23), to which he attached, as an exhibit (doc. no. 23-1), a statement from inmate James Lapre concerning Lapre's experience obtaining dentures at the NHSP.  Defendants filed a reply to that supplemental objection, including a declaration of Dr. Dransite, distinguishing Lapre's circumstances from Haverstick's.  See Dransite Decl., Feb. 19, 2016 (doc. no. 26-2).

## Discussion

I.  **Summary Judgment**

Defendants assert two arguments in their motion for summary judgment: (1) Haverstick's lack of teeth does not rise to the level of a serious medical need, and even if it does, defendants

have not been deliberately indifferent; and (2) there is no
proof in the record sufficient to survive summary judgment,
suggesting that Haverstick's sentence length, or his pre-
existing lack of teeth, affected the decision to deny him
dentures.

**A.    Standard**

Summary judgment is appropriate when "the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R.
Civ. P. 56(a); Santangelo v. N.Y. Life Ins. Co., 785 F.3d 65, 68
(1st Cir. 2015).  "A genuine issue is one that can be resolved
in favor of either party and a material fact is one which has
the potential of affecting the outcome of the case." Gerald v.
Univ. of P.R., 707 F.3d 7, 16 (1st Cir. 2013) (citation and
internal quotation marks omitted).  In deciding a motion for
summary judgment, the court draws all reasonable factual
inferences in favor of the nonmovant. Kenney v. Floyd, 700 F.3d
604, 608 (1st Cir. 2012).  LR 56.1(b) provides that all
"properly supported material facts set forth in the moving
party's factual statement may be deemed admitted," unless
properly opposed by the nonmovant.

**B.    Eighth Amendment Claims**

Defendants have moved for summary judgment on Haverstick's
Eighth Amendment claims.  "[T]o prove an Eighth Amendment

violation, a prisoner must satisfy both of two prongs: (1) an objective prong that requires proof of a serious medical need, and (2) a subjective prong that mandates a showing of prison administrators' deliberate indifference to that need." Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014), cert. denied, 135 S. Ct. 2059 (2015).

Pursuant to the first prong, the medical need must be serious. This "requires that the need be 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (citation omitted). Accordingly, "[t]his prong does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing." Id. The Eighth Amendment proscribes care that is "so inadequate as to shock the conscience." Id. at 83 (internal quotation marks and citation omitted).

Additionally, "the Eighth Amendment is not violated unless prison administrators . . . exhibit deliberate indifference to the prisoner's needs." Id. (citation omitted). "[D]eliberate indifference . . . defines a narrow band of conduct, and requires evidence that the failure in treatment was purposeful." Id. (citation and internal quotation marks omitted); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the

victim is a prisoner.").  "While deliberate indifference may also be exhibited by a 'wanton disregard' to a prisoner's needs, such disregard must be akin to criminal recklessness, requiring consciousness of impending harm, easily preventable." Kosilek, 774 F.3d at 83 (internal citation and quotation marks omitted).

Here, Haverstick was evaluated for eligibility for dentures during his dental intake examination and after a nutrition assessment by Popovich.  Dransite Decl., May 6, 2015, ¶¶ 3-5 (doc. no. 9-2); Popovich Decl. ¶¶ 2-7 (doc. no. 9-13).  After both evaluations, determinations were made that dentures were not medically necessary.  Dransite Decl., May 6, 2015, ¶¶ 3-5 (doc. no. 9-2).  Medical records show that Haverstick's oral hygiene was "good" during his dental intake examination.  DOC Dental Chart (doc. no. 9-3).  Haverstick has offered no submissions of evidentiary quality to contest those findings. Pursuant to LR 56.1, the court deems those facts admitted.  As Haverstick has not shown that there is any genuine issue of material fact as to whether he had a medical need for dentures, his Eighth Amendment claim fails with respect to that issue.

Even if Haverstick's lack of teeth and his complaints of sore gums and bleeding were deemed to be serious medical needs, no trier-of-fact could reasonably conclude based on the record that defendants were deliberately indifferent.  After Haverstick complained about difficulties with chewing and sore gums, Dr.

10

Dransite ordered a nutritional assessment.  Dransite Decl., May 6, 2015, ¶ 4 (doc. no. 9-2).  The assessment revealed no problems with nutrition, swallowing, digestion, or appetite. DOC Nutrition Assessment (doc. no. 9-15); Popovich Decl. ¶ 5 (doc. no. 9-13).  To the extent Haverstick also reported difficulty chewing and suffered from sore gums, the record is undisputed that Haverstick was offered a chopped diet, which he rejected.  "[A] constitutional violation does not occur merely because a prisoner disagrees with a medical professional's decisions regarding the proper course of medical treatment." Brown v. Englander, No. 10-cv-257-SM, 2012 DNH 95, 2012 U.S. Dist. LEXIS 76176 at *6, 2012 WL 1986518 at *2 (D.N.H. June 1, 2012) (citing Ruiz-Rosa v. Rullan, 485 F.3d 150, 156 (1st Cir. 2007)).  Nothing in the record supports a finding that defendants were deliberately indifferent to Haverstick's oral hygiene or lack of teeth.

Haverstick has not shown that there is a genuine dispute of fact on his Eighth Amendment claims, and defendants are entitled to judgment as a matter of law on those claims.  Accordingly, defendants' motion for summary judgment on Haverstick's Eighth Amendment claims is granted.

### C.   Fourteenth Amendment Equal Protection Claims

Haverstick also alleges that defendants violated his Fourteenth Amendment right to equal protection by denying him

dental care and/or dentures because his sentence does not exceed five years, his lack of teeth pre-existed his incarceration, and he has not exhibited a nutritional deficiency.  Defendants have moved for summary judgment on that claim, asserting that Haverstick has not produced any evidence that the length of his sentence and his pre-existing lack of teeth affected his eligibility for dentures.

Under the Fourteenth Amendment, all persons are guaranteed "the equal protection of the laws." U.S. Const. amend. XIV, § 1.  "The Equal Protection Clause contemplates that similarly situated persons are to receive substantially similar treatment from their government." Davis v. Coakley, 802 F.3d 128, 132 (1st Cir. 2015) (citation omitted).  To establish an equal protection claim, a plaintiff needs to allege facts showing that "'(1) the [plaintiff], compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure [the plaintiff].'" Id. at 132-33 (citations omitted). Proof of discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977). The proper level of scrutiny for Haverstick's equal protection

claim is the rational basis test, as Haverstick has not alleged that he has been discriminated against on the basis of his race, religion, or membership in any other group entitled to more demanding scrutiny.  See Willowbrook v. Olech, 528 U.S. 562, 565 (2000).

### 1.   Nutritional Deficiency and Medical Necessity

Defendants have submitted declarations and medical records to support their contention that Haverstick's request for dentures was denied after a case-by-case assessment of his oral hygiene and nutrition failed to show a nutritional deficit or other medical necessity for dentures, in light of his history of functioning for years without teeth.  Defendants have also produced PPDs that substantiate that individualized determinations of medical necessity, nutritional deficits, and the level of functional impairment are criteria generally used by the NHSP in determining whether to provide dentures.  Those factors are rational bases for distinguishing among inmates with respect to allocating limited resources to pay for dentures. Haverstick has offered no evidence to dispute the findings that he lacked a medical or nutritional need for dentures. Accordingly, Haverstick cannot base his equal protection claim on the decision to deny him dentures to the extent the decision was made due to his nutrition status or lack of a medical need,

and defendants' motion for summary judgment on that claim is granted.

### 2.  Pre-existing Condition

Haverstick further asserts that the decision to deny him dentures violated his equal protection rights, in that it was based on the fact that Haverstick had no teeth when he arrived at the NHSP.  Dr. Dransite's February 19, 2016, Declaration (doc. no. 26-2) is consistent with Haverstick's assertion that his pre-existing condition affected the decision to deny him dentures, insofar as Haverstick's history of functioning without dentures prior to his incarceration factored into that decision. Discussing the dental history of a third party inmate, James Lapre, who received dentures after DOC dentists removed the few teeth left in Lapre's mouth when he arrived at the NHSP, Dr. Dransite avers that DOC typically gives dentures to inmates who have no prior history of functioning without teeth, after DOC extracts all of their teeth; Dr. Dransite explained that those inmates, unlike Haverstick, have no history of having functioned for years without teeth.  Dransite Decl., Feb. 19, 2016, ¶ 4 (doc. no. 26-2, at 2).

Defendants have thus offered a rational basis for treating Haverstick differently than inmates like Lapre, based on Haverstick's demonstrated history of functioning without teeth. Lapre and Haverstick are not similarly situated with respect to

14

that factor, and there is a rational basis for treating them differently.  Accordingly, defendants' motion for summary judgment is granted, to the extent it is based on a claim challenging the provision of dentures to inmates whose teeth have been removed since their arrival at NHSP, while denying dentures to Haverstick.

### 3.   Length of Sentence

Haverstick asserts that the length of his sentence affected the decision to deny him dentures, in violation of his rights under the Equal Protection Clause.  Defendants deny that the length of Haverstick's sentence had a substantial impact on their decision to deny him dentures.

Defendants argue that there is no proof of evidentiary quality in the record to support Haverstick's claim that the length of his sentence affected the decision to deny him dentures.  The record, however, includes PPD 6.11 ¶ IV(B)(3) (doc. no. 9-8), which states that the criteria used by a practitioner in determining whether a prosthetic is needed "will include, but need not be limited to . . . [the] Length of incarceration remaining."  Additionally, the record includes Haverstick's verified complaint, signed in a manner consistent with 28 U.S.C. § 1746(1), asserting that the Dental Department told him he "does not qualify for dental treatment/dentures [until] he has served at least five (5) years" at the NHSP.

Compl. (doc. no. 1), at 3.  Fed. R. Evid. 801(d)(2) excludes
that statement from the restrictions on hearsay, to the extent
it could be deemed to recount a statement of defendants'
employee on a matter within the scope of his employment, namely,
the type of dental services that could be provided to
Haverstick.  Cf. Hannon v. Beard, 645 F.3d 45, 49 (1st Cir.
2011) (rejecting affiant's description of nondeclarant's
statement as hearsay, unsuitable for consideration in opposition
to motion for summary judgment).  Although Haverstick has not
made a showing that the DOC Dental Department staff member who
told him about his eligibility for dentures was acting within
the scope of his employment in doing so, this court takes into
consideration the interests of justice, plaintiff's pro se
status, and the early timing of the summary judgment motion
(which was filed well before the conclusion of the discovery
period), in considering both that statement in Haverstick's
verified complaint and PPD 6.11 ¶ IV(B)(3), in evaluating
defendants' motion for summary judgment.  Accepted as true for
the limited purpose of this Order, that statement and the
relevant portion of the PPD generate a genuine material issue on
whether the length of Haverstick's prison sentence affected the
decision to deny him dentures.  Defendants -- who maintain that
Haverstick's shorter sentence did not have any impact on their
decision -- have not tried to rationalize sentence-length

16

discrimination.  Where the record does not suggest any valid basis for making Haverstick's sentence length a factor in deciding whether he should obtain dentures, and finding a genuine issue of material fact as to whether that type of discrimination occurred, this court declines to find defendants entitled to judgment as a matter of law on that claim at this time.  Accordingly, defendants' motion for summary judgment is denied in part, to the extent it seeks summary judgment on Haverstick's equal protection claim relating to the length of his sentence.

## II.  **Preliminary Injunction**

Haverstick has requested a preliminary injunction directing the NHSP Dental Department to provide him with dentures while this action is pending.  See Compl. (doc. no. 1), at 3. Defendants object.  See Mem. (doc. no. 9-1).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The likelihood of success on the merits and irreparable harm are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice

of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).  The Prison Litigation Reform Act further requires that any preliminary injunction imposed in this case be both narrowly drawn and the least intrusive means necessary to correct the harm.  See 18 U.S.C. § 3626(a)(2).

The court may rule on a motion for a preliminary injunction on the papers if it has before it "'adequate documentary evidence upon which to base an informed, albeit preliminary conclusion,'" and the parties have been afforded "'a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions.'"  Campbell Soup Co. v. Giles, 47 F.3d 467, 470-71 (1st Cir. 1995) (citations omitted).  The parties have had such an opportunity here.

Only one of Haverstick's claims survives this Order: Haverstick's claim of an equal protection violation based on the asserted impact of the length of his sentence on his eligibility for dentures.  Haverstick has not shown any likelihood of success on the merits of the remaining claims, including all of his Eighth Amendment claims and his remaining equal protection claims.  As to those claims, no preliminary injunction is available.

Assuming without deciding, that Haverstick could be deemed to have shown a substantial likelihood of success on the merits

of the one surviving equal protection claim, Haverstick has not

demonstrated that he needs dentures to avoid irreparable harm.

Haverstick has not shown he has a medical need for dentures; he

has not suffered any nutritional deficits while in prison

without dentures; and he lived in the community for years

without dentures prior to his incarceration.  Accordingly,

Haverstick's request for a preliminary injunction is denied.

**III. Discovery Motion (Doc. No. 24)**

     Plaintiff's discovery motion (doc. no. 24) seeks a subpoena

to compel the DOC to produce to him the dental records for all

inmates with few or no teeth who have received complete upper or

lower dentures from the DOC within the last twenty months.  The

motion (doc. no. 24) also seeks an order compelling defendants

to produce vender receipts for equipment used within the last

ten years to make dentures, including the "teeth" used to do so.

On February 19, 2016, see Order (doc. no. 25), the court

directed the parties to confer in an attempt to narrow the

issues before the court relating to that motion, to file a

proposed protective order relating to third party dental records

the parties may obtain and/or use in this lawsuit, and to file a

statement indicating whether they have resolved or narrowed the

issues before the court, with respect to dental records and

vender receipts.  The parties have not filed any response to

that Order.  The parties are directed to file their responses by
March 25, 2016.

### Conclusion

For the foregoing reasons, the court orders, as follows:

1.   Defendants' motion for summary judgment (doc. no. 9)
is granted in part, as to all of Haverstick's Eighth Amendment
claims, and as to Haverstick's equal protection claims asserting
discrimination based on his nutrition status and his pre-
existing condition of having no teeth.  The court denies the
summary judgment motion, <u>id.</u>, to the extent that the court
declines to issue a judgment as a matter of law for defendants
on Haverstick's claim that denying him dentures based on the
length of his sentence violated his right to equal protection.

2.   Plaintiff's request for a preliminary injunction, as
set forth in the Complaint, is denied.

3.   The parties are directed to file their responses to
the February 19, 2016, Order (doc. no. 25), by March 25, 2016.

I have resolved defendants' motion for summary judgment and
plaintiff's motion for preliminary injunction by applying the
constitution's standards for minimally acceptable conduct.  My
order should not be read as an endorsement of the defendants'
decision to refuse plaintiff's request for dentures.  As this
litigation progresses, the defendants would be wise to reassess

their decision in light of the costs associated with continued

litigation and the potential benefit to the plaintiff of

providing him the relief he seeks.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 10, 2016

cc:   Davian L. Haverstick, Pro Se
      Francis Charles Fredericks, Esq.
      Kenneth A. Sansone, Esq.