UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Davian L. Haverstick</u>

    v.                                Civil No. 15-cv-094-PB

<u>New Hampshire State Prison
Warden Richard Gerry et al.</u>[1]

### REPORT AND RECOMMENDATION

Before the court is plaintiff Davian L. Haverstick's complaint addendum (doc. no. 40). This court liberally construes the filing as a motion to seek the court's leave to add claims, filed several months after the March 7, 2016, deadline for amending the pleadings set forth in the pretrial scheduling order. <u>See</u> Dec. 7, 2015, Order (doc. no. 18) (approving Doc. No. 17, with changes). Defendants object to the proposed amendment to the complaint. <u>See</u> Doc. No. 41.

### Standard

In general, under Fed. R. Civ. P. 15(a), leave to amend is to be "freely given," <u>id.</u>, "unless it would be futile, or reward

---

[1]Defendants are former New Hampshire State Prison ("NHSP") Warden Richard Gerry, former NHSP Health Services Director Helen Hanks, New Hampshire Department of Corrections ("DOC") Commissioner William Wrenn, and DOC Commissioner's Office representative Christopher Kench, in their individual and official capacities.

. . . undue or intended delay." Resolution Tr. Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994); see also Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007). Where the filing of a complaint amendment occurs after the deadline for such amendments set by the court, the plaintiff must show "good cause," which is a standard that focuses more on the diligence of the moving party than on prejudice to the non-movant. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). To make an assessment as to whether the proposed amendment is futile, this court applies the standard for preliminary review of claims under LR 4.3(d)(1) and 28 U.S.C. § 1915A, as set forth in the March 30, 2015, Order (doc. no. 4).

## Discussion

Haverstick seeks to add three new claims to this case: a claim alleging disability discrimination under the Americans with Disabilities Act ("ADA"), a claim that the Department of Corrections ("DOC") discriminates on the basis of wealth or poverty in denying inmates dentures, and a claim that the decision not to provide Haverstick with dentures is medical malpractice. Haverstick's attempt at adding those claims to this lawsuit at this stage of the case should be denied.

First, the proposed complaint amendment is untimely; all of the relevant facts underlying Haverstick's proposed new claims

have been in his possession for months.  Defendants moved for summary judgment successfully on the claim asserting that denying Haverstick dentures violated his rights to health care under the Eighth Amendment.  Although plaintiff's motion to reconsider that decision is pending, in the absence of a favorable ruling on that motion to reconsider (doc. no. 38), this court cannot find good cause for the delay or a lack of prejudice to defendants, warranting an expansion of the claims at issue at this stage of the case.

Next, adding Haverstick's proposed claims would be futile. Haverstick seeks leave to add an ADA claim, but he has not pleaded a viable claim of disability discrimination.  An inmate claiming that the medical care he receives in prison violates his rights under the ADA must frame that claim "'within some larger theory of disability discrimination.'"  Kiman v. N.H. Dep't of Corr., 451 F.3d 274, 284 (1st Cir. 2006) (quoting Lesley v. Chie, 250 F.3d 47, 55 (1st Cir. 2001)).  The inmate may allege facts to show, for example, that the medical decisions "were so unreasonable as to demonstrate that [prison decisionmakers] were discriminating against him because of his disability," or that their decisions rested on stereotypes of disabled people and not upon an individualized inquiry into the inmate's condition.  Kiman, 451 F.3d at 284. Assuming that Haverstick could show that because of his lack of teeth, he was

3

a "qualified individual" with a disability for the purposes of the ADA, see Buchanan v. Maine, 469 F.3d 158, 170 (1st Cir. 2006), nothing in the record -- no factual allegations in the pleadings, and no facts alleged in the proposed complaint amendment -- suggests that disability discrimination played any part in the decision to deny Haverstick dentures.

Haverstick's attempt to add a claim of poverty discrimination to this lawsuit is also futile. Haverstick's complaint and proposed pleadings, stripped of legal conclusions about discrimination and the content of published prison policies in the record here, see, e.g., Doc. Nos. 9-6 to 9-8, all fail to allege facts suggesting that similarly-situated inmates who have lived in the community without teeth or dentures for years, whether by choice or circumstance, are treated differently because of their wealth or poverty, standing alone.

Finally, Haverstick's attempt to add a tort claim to this action, namely, a medical malpractice claim, should be denied because exercising supplemental jurisdiction over that claim would cause it to predominate over the remaining federal claim in this lawsuit. See generally 28 U.S.C. § 1367(c)(2). The only claim remaining in the lawsuit at this time is an equal protection claim alleging that the decision to deprive Haverstick of dentures violated his right to equal protection,

to the extent it was based on the length of Haverstick's sentence.  Haverstick's proposed malpractice claim asserts that his lack of teeth harms his digestive tract by causing or exacerbating Haverstick's diverticulitis, such that the failure to give him dentures is malpractice.  The facts and legal issues involved in the federal equal protection claim remaining in this lawsuit, relating to Haverstick's sentence length, do not overlap with the matters that would be pertinent to the proposed malpractice claim.  Litigation of a malpractice claim would require expert witnesses, medical reports, and evidence about causation and the standard of care that would have no bearing on the other issues remaining in this case.

   Accordingly, the district judge should deny the motion to amend the lawsuit to add a malpractice claim to this lawsuit.  The denial should be without prejudice to Haverstick's ability to file a similar claim in state court.  Further, the denial should be without prejudice to Haverstick's ability to renew his motion to add a medical malpractice claim, if the court grants Haverstick's pending motion to reconsider (doc. no. 28) the part of the March 10, 2016, Order (doc. no. 27) ("Summary Judgment Order") that granted judgment as a matter of law on Haverstick's Eighth Amendment claim concerning the decision to deny him dentures.

## Conclusion

For the foregoing reasons, the district judge should deny Haverstick's request for leave to amend the complaint (doc. no. 40), without prejudice to Haverstick's ability either to file a medical malpractice claim in state court, or to refile a motion to add a medical malpractice claim to this case if the court grants plaintiff's motion (doc. no. 38), seeking reconsideration of the Summary Judgment Order (doc. no. 27).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 26, 2016

cc:   Davian L. Haverstick, Pro Se
      Francis Charles Fredericks, Esq.
      Kenneth A. Sansone, Esq.