```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Davian L. Haverstick**

    v.                                  Civil No. 15-cv-094-PB
                                         Opinion No. 2016 DNH 150
**New Hampshire State Prison
Warden Richard Gerry et al.**[1]


**O R D E R**

Before the court are two motions (doc. nos. 36 and 38) to reconsider the March 10, 2016, Order (doc. no. 27) ("March 10 Order"), granting summary judgment on some of the claims in this action. Also before the court is plaintiff's motion to appoint counsel (doc. no. 45).


**Background**

Plaintiff Davian Haverstick entered the New Hampshire State Prison ("NHSP") in May 2014 with no dentures and no teeth, having lived for a number of years in the community in that manner. The NHSP, in December 2014, denied Haverstick's request

---

[1]Defendants are (former) New Hampshire State Prison ("NHSP") Warden Richard Gerry, (former) NHSP Health Services Director Helen Hanks, New Hampshire Department of Corrections ("DOC") Commissioner William Wrenn, and DOC Commissioner's Office employee Christopher Kench, in both their individual and official capacities.

for dentures, based on the determination of a prison dentist, recorded in a December 2, 2014, entry in Haverstick's dental progress notes (doc. no. 9-4), that Haverstick lacked a medical need for dentures.  The dentist based that determination, in part, on a November 21, 2014, nutritional assessment conducted by a dietician.  See Decl. of Edward W. Dransite, May 6, 2015 ("Dransite Decl."), ¶ 5 (doc. no. 9-2, at 2).  Haverstick challenged the decision to deny him dentures first through the prison grievance system.  Haverstick then filed this action in March 2015, claiming that, by refusing to provide him with dentures, defendants are violating his Eighth Amendment rights to adequate medical care while incarcerated, and his Fourteenth Amendment right to equal protection.

In the March 10 Order (doc. no. 27), the court granted summary judgment on Haverstick's Eighth Amendment claims, and on some of Haverstick's equal protection claims.  The court denied defendants' motion for summary judgment, to the extent the court found genuine issues of material fact on Haverstick's equal protection claim asserting that defendants discriminated against him based on the length of his sentence, without having a rational basis for making that factor determinative.  In the March 10 Order, the court also denied Haverstick's motion for a preliminary injunction.  Presently before this court are the

parties' cross-motions to reconsider (doc. nos. 36 and 38) this court's March 10, 2016, Order on defendants' summary judgment motion, as well as plaintiff's motion for appointment of counsel (doc. no. 45).

## Discussion

### I. Standard for Motion to Reconsider

LR 7.2(d) provides that any party may seek reconsideration of an interlocutory order upon showing that it was based on "a manifest error of fact or law." Reconsideration here is sought with respect to interlocutory rulings granting and denying summary judgment. Summary judgment is properly granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Santangelo v. N.Y. Life Ins. Co., 785 F.3d 65, 68 (1st Cir. 2015).

### II. Haverstick's Motion to Reconsider

#### A. Eighth Amendment Claim

Haverstick moves for reconsideration of the order granting summary judgment in defendants' favor on his Eighth Amendment claims. Haverstick argues that defendants did not reasonably find that he had no medical need for dentures, in that he has a medical history of diverticulitis, recorded in medical records

3

predating his incarceration, and noted in his NHSP medical record in entries dated December 29, 2014, and January 6, 2015. See Doc. No. 38-1, at 13; id. at 14.  Haverstick states that he cannot properly chew his food, and he claims, without referring to any record evidence, that diverticulitis is caused by swallowing food whole.[2]

"[T]o prove an Eighth Amendment violation, a prisoner must satisfy both of two prongs: (1) an objective prong that requires proof of a serious medical need, and (2) a subjective prong that mandates a showing of prison administrators' deliberate indifference to that need." Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014), cert. denied, 135 S. Ct. 2059 (2015).  Assuming without deciding that evidence cited by Haverstick in support of his motion to reconsider could generate a triable issue as to the objective "serious medical need" prong of the Eighth Amendment standard, reconsideration of the court's prior order granting summary judgment on the Eighth Amendment claim is not appropriate as Haverstick has failed to present a triable issue

---

[2]Plaintiff's motion for reconsideration names four Littleton Regional Hospital doctors who he claims would testify that diverticulitis is caused by a "lack of chewing food."  Doc. No. 38, at 1.  In a separate filing docketed as a motion for appointment of counsel (doc. no. 45), Haverstick claims that an unnamed gastroenterologist will "testify that the diverticulitis is caused by sw[a]llowing food whole is [sic] damaging the plaintiff['s] body."

4

of fact as to the subjective prong of the Eighth Amendment standard.

As this court determined in the March 10 Order, the record lacks any evidence to support a reasonable finding that any defendant exhibited "deliberate indifference." Kosilek, 774 F.3d at 83. "'Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'" Id. (citation omitted). "[D]eliberate indifference . . . requires evidence that the absence or inadequacy of treatment is intentional." Perry v. Roy, 782 F.3d 73, 79 (1st Cir. 2015).

Evidence of deliberate indifference among the decisionmakers named as defendants here is completely missing from this record. It is undisputed that after Haverstick complained about having chewing difficulties, NHSP dentist Dr. Dransite ordered a nutritional assessment. Dransite Decl., May 6, 2015, ¶ 3 (doc. no. 9-2). It is also undisputed that the dietician who conducted the nutrition assessment based his findings, in part, on Haverstick's report that he had lacked teeth for about ten years. Decl. of Timothy L. Popovich, May 5, 2015, ¶ 3 (doc. no. 9-13). While it is undisputed that the dietician did not note any facts relating to Haverstick's history of diverticulitis in the nutrition assessment, it is

5

also undisputed that the dietician offered Haverstick a chopped diet, consisting of all of the same food inmates are ordinarily served, cut up into ¼-inch sized pieces, and that Haverstick rejected the offer.  Id. ¶ 5.  Thus, assuming without deciding that Haverstick could demonstrate that the dietician's failure to note or consider his diverticulitis in the nutrition assessment was intentional or negligent, nothing in the court's record supports a finding that any defendant with knowledge of Haverstick's diverticulitis failed to take reasonable steps to address Haverstick's medical problems relating to his inability to chew his food properly.  Therefore, Haverstick has not shown that this court erred in finding an absence of a genuine dispute of fact as to the deliberate indifference element of Haverstick's Eighth Amendment claim.[3]  Accordingly, the court denies Haverstick's motion to reconsider (doc. no. 38) the March 10 Order (doc. no. 27), to the extent it granted summary judgment on Haverstick's Eighth Amendment claim.

    B.    <u>Poverty Discrimination</u>

Haverstick argues in his motion to reconsider (doc. no. 38) that summary judgment should not have been granted on his equal

---

[3] In reaching this conclusion, I, of course, recognize that there may well be circumstances in which a decision by prison officials to deny an inmate dentures could support an Eighth Amendment claim.  In this case, however, Haverstick has failed to produce sufficient evidence to support such a claim.

6

protection claims, to the extent that he claims poverty discrimination. Haverstick contends that the prison denied him dentures in part because he lived for years without dentures in the community. Haverstick labels that decision poverty discrimination because he claims the reason he never had dentures is that he could not afford to pay for them.

The complaint upon which defendants filed their motion for summary judgment did not include a claim of poverty discrimination. Even if the court were inclined to consider such a claim at this stage of the case, nothing in the record suggests that any prison official intended to discriminate against Haverstick based on his financial status. Haverstick has neither pleaded, nor offered any evidence, suggesting that he has been treated differently than any similarly-situated inmates who were not poor prior to their incarceration. Accordingly, Haverstick's motion to reconsider the summary judgment order (doc. no. 38) is denied to the extent Haverstick seeks to add a new claim of poverty discrimination to this lawsuit.

### III. Defendants' Motion to Reconsider

This court denied defendants' motion for summary judgment on Haverstick's equal protection claim alleging that the length of his sentence affected the decision to deny him dentures.

Defendants argue that any alleged discrimination against Haverstick need only be justified by a conceivable rational basis, which, they contend is fully satisfied by evidence that defendants found that Haverstick did not have a medical need for dentures.

The premise of defendants' motion to reconsider is faulty, but the motion itself is well-taken. It is the alleged decision to deny dentures to Haverstick because he will be in prison for a relatively short time that is at issue and must be justified by a rational basis. Reconsidering the summary judgment order on that basis, the court looks to whether "'there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.'" Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 367 (2001) (citation omitted).

The error in the underlying summary judgment order was this court's statement that the record failed to suggest any rational basis for that type of discrimination. Rather, the "burden is upon [plaintiff] to negative any reasonably conceivable state of facts that could provide a rational basis for the classification." Id. (citation and internal quotation marks omitted). Upon reconsideration, this court finds that plaintiff has failed to carry the burden of disproving the existence of a

reasonably conceivable state of facts providing a rational basis for the alleged sentence length discrimination.

It is rational for prison officials to take the likely duration of an inmate's incarceration into account in allocating limited prison health care resources to pay for dentures. Inmates without teeth with shorter sentences will have an opportunity to obtain dentures from outside providers on their own sooner, while inmates facing a longer time behind bars will not have that opportunity arise as quickly.  It is thus rational to give dentures to inmates facing longer sentences, and to deny them to inmates facing shorter sentences, all other things being equal.  Therefore, the court grants defendants' motion to reconsider (doc. no. 36), vacates the underlying summary judgment order, in part, to the extent it denied summary judgment on Haverstick's "length of sentence" equal protection claim, and now grants summary judgment on that claim.

### IV.   Motion to Appoint Counsel

Haverstick has moved for the appointment of counsel, asserting that he is unskilled in the law.  He further contends that he needs medical experts to provide an opinion that having no teeth to chew food is causing his diverticulitis.

This case does not present the type of exceptional circumstances warranting the appointment of counsel for a civil

litigant. See generally DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Haverstick has demonstrated an ability to draft cogent, persuasive arguments, and to marshal facts to support his claims. Moreover, this court has assumed without deciding in this Order that there is a triable issue on whether Haverstick's ability to chew food causes his diverticulitis, and the court nevertheless finds that defendants are entitled to judgment as a matter of law on all of Haverstick's claims; counsel's assistance in obtaining an expert to testify regarding causation, as Haverstick wants, would not alter that result. Because an appointment of counsel is not necessary to avoid fundamental unfairness impinging on Haverstick's right to due process, Haverstick's motion for appointment of counsel (doc. no. 45) is denied.

## Conclusion

For the foregoing reasons, the court grants defendants' motion for reconsideration (doc. no. 36), denies Haverstick's motion for reconsideration (doc. no. 38), and denies Haverstick's motion to appoint counsel (doc. no. 45). The court vacates the March 10, 2016, Order (doc. no. 27), in part, to the extent that Order declined to grant the motion for summary judgment on the "length of sentence" equal protection claim, and

the court grants defendants' motion for summary judgment on that claim.  Part I(C)(3) of the March 10 Order (doc. no. 27), at p. 17, and the corresponding parts of that Order's Conclusion, at page 20, are affected by this Order.  No other part of the March 10 Order (doc. no. 27) is vacated by this Order.  Judgment as a matter of law in defendants' favor on all of Haverstick's claims in this case is properly entered.  The clerk is directed to enter judgment and close this case.

    SO ORDERED.

                                       /s/Paul Barbadoro
                                       Paul Barbadoro
                                       United States District Judge

August 25, 2016

cc:   Davian L. Haverstick, Pro Se
      Francis Charles Fredericks, Esq.
      Kenneth A. Sansone, Esq.